IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD CHALMERS, | ) |
|                Plaintiffs, | ) Case No. |
| v. | ) JUDGE |
| | ) Magistrate |
| The CITY OF CHICAGO Illinois, a municipal corporation, MATTHEW PUFPAF (#19220), WILLIAM ROBLES (#19200), & PHILLIP SCHORSCH (#9768), | ) Jury Trial Demanded |
|                Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiffs EDWARD CHALMERS (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendants MATTHEW PUFPAF, WILLIAM ROBLES, PHILLIP SCHORSCH and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff is a resident of Glen Ellyn, Illinois.

1

5. At all relevant times, Defendants PUPFAF, ROBLES, and SCHORSCH were CITY OF CHICAGO Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants PUPFAF, ROBLES, and SCHORSCH. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants PUPFAF, ROBLES, and SCHORSCH on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. On August 3, 2020, Plaintiff was stopped and detained by Defendant PUPFAF, ROBLES, and SCHORSCH.

8. Plaintiff had not committed any crimes.

9. For no reason, Defendant PUFPAF began to choke Plaintiff.

10. Defendants ROBLES and SCHORSCH joined Defendant PUFPAF in using excessive force against Plaintiff.

11. Defendants PUPFAF, ROBLES, and SCHORSCH violently took Plaintiff to the ground where they kneed, kicked, struck, and continued to choke Plaintiff.

12. Plaintiff screamed out in pain and told PUPFAF, ROBLES, and SCHORSCH that they were "killing" him.

13. Defendants PUPFAF, ROBLES, and SCHORSCH disregarded Plaintiff and continued to use excessive force on Plaintiff.

14. As a result of Defendants PUPFAF, ROBLES, and SCHORSCH'S excessive force, Plaintiff suffered injuries to his wrist and ankle and required medical attention.

15. Defendants PUPFAF, ROBLES, and SCHORSCH falsely charged Plaintiff with narcotics violations even though no narcotics were found on Plaintiff's person.

16. Defendants PUPFAF, ROBLES, and SCHORSCH also falsely charged Plaintiff with resisting arrest and battery.

17. Plaintiff did not resist arrest, nor did he batter Defendants PUPFAF, ROBLES, and SCHORSCH.

18. Defendants PUPFAF, ROBLES, and SCHORSCH knew these charges were false and proceeded forward with them anyway.

19. Plaintiff was held in custody because of these false charges.

20. On August 19, 2020, the Cook County State's Attorney Office dismissed all charges against the Plaintiff and terminated his case terminated in a manner indicative of innocence.

21. Plaintiff suffered physical injuries as well as emotional damages as a result of the unlawful conduct engaged in by Defendants PUPFAF, ROBLES, and SCHORSCH.

### COUNT I
### 42 U.S.C. § 1983 – Excessive Force
### Against Defendants PUPFAF, ROBLES, and SCHORSCH

22. Each of the foregoing paragraphs is incorporated as if fully restated herein.

23. As described in the above paragraphs, Defendants PUPFAF, ROBLES, and SCHORSCH used excessive force against Plaintiff, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

24. The actions of Defendants PUPFAF, ROBLES, and SCHORSCH were intentional and committed with reckless disregard for Plaintiff's rights.

25. As a direct and proximate consequence of Defendants PUPFAF, ROBLES, and SCHORSCH'S misconduct, Plaintiff suffered damages, including emotional distress, pain and suffering and, monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT II**
**42 U.S.C. § 1983 – False Arrest**
**Against Defendants PUPFAF, ROBLES, and SCHORSCH**

26. Plaintiff realleges and incorporates the above paragraphs as fully stated herein.

27. Defendants PUPFAF, ROBLES, and SCHORSCH arrested Plaintiff without probable cause.

28. Defendants PUPFAF, ROBLES, and SCHORSCH fabricated police reports stating that Plaintiff committed narcotics violations, battered officers, and resisted arrest.

29. Defendants PUPFAF, ROBLES, and SCHORSCH undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

30. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT III**
**42 U.S.C. § 1983 – Conspiracy**
**Against Defendants PUPFAF, ROBLES, and SCHORSCH**

31. Plaintiff realleges and incorporates the above paragraphs as fully stated herein.

32. As described more fully above, Defendants PUPFAF, ROBLES, and SCHORSCH reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

33. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

34. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiffs.

35. As a direct and proximate consequence of Defendants PUPFAF, ROBLES, and SCHORSCH conduct, Plaintiffs suffered damages, including emotional distress, pain and suffering and, monetary expense.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT IV
### Illinois State Law – Intentional Infliction of Emotional Distress
### Against All Defendants

36. Each of the foregoing paragraphs is incorporated as if fully stated herein.

37. Defendant PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

38. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiff.

39. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

40. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, misconduct caused Plaintiff to experience severe emotional distress.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT V
### Illinois State Law — Malicious Prosecution
### Against All Defendants

41. Each of the foregoing paragraphs is incorporated as if fully restated herein.

42. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

43. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause, fabricated police reports, and placed false charges upon Plaintiff.

44. Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

45. The actions undertaken by Defendants PUPFAF, ROBLES, and SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, were willful and wanton.

46. On or about August 19, 2020, all criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

47. As a result of Defendants PUPFAF, ROBLES, and C, and the CITY OF CHICAGO's actions, through its employees and agents, misconduct, Plaintiff suffered damages including emotional distress, pain and suffering, and other damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT VI
### Illinois State Law — Battery
### Against All Defendants

48. Each of the foregoing paragraphs is incorporated as if fully restated herein.

49. As described more fully above, the misconduct committed by Defendants PUFPAF, ROBLES, SCHORSCH, and the CITY OF CHICAGO, through its employees and agents, include making physical contact with Plaintiff in numerous ways that were offensive and harmful.

50. The offensive contact alleged herein was made without legal justification.

51. As a result of the offensive contact, Plaintiff suffered physical injuries. In addition, Plaintiff suffered damages, pain and suffering, and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT VII
### Indemnification
### Against the CITY OF CHICAGO

52. Each of the foregoing paragraphs is incorporated as if fully restated herein.

53. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Individual Defendants.

54. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

55. The Individual Defendants committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

56. As a proximate cause of the Individual Defendants' unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary, and emotional injuries.

7

**WHEREFORE,** should the Individual Defendants be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: March 19, 2021　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　Edward Chalmers, Plaintiff

　　　　　　　　　　　　　　　　By:　　/s/ Julian Johnson
　　　　　　　　　　　　　　　　　　　　Plaintiff's Attorney
　　　　　　　　　　　　　　　　　　　　The Law Office of Julian Johnson, LLC
　　　　　　　　　　　　　　　　　　　　55 East Monroe Street, Suite 3800
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　Phone: 312-487-1711
　　　　　　　　　　　　　　　　　　　　julian@julianjohnsonlaw.com